UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-132-RLJ-HBG |
| | ) | |
| WAFORD KNIGHT BRYANT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the Court on April 19, 2017, for a motion hearing on the Defendant's Motion to Conduct Psychological Evaluation Pursuant to 18 U.S.C. §§ 4241 and 4242 [Doc. 17], filed on April 10, 2017. Assistant United States Attorney Bart Slabbekorn, Jr., appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented the Defendant, who was also present.

In his motion, the Defendant asks for a psychological evaluation by the Bureau of Prisons of his competency to stand trial and his sanity at the time of the offense. Defense counsel expresses concern regarding the Defendant's mental capacity and his ability to discuss his case with his defense team. The motion relates that the Defendant has an extensive, documented history of mental health treatment. The motion also provides notice, pursuant to Federal Rule of Criminal Procedure 12.2(a), of the Defendant's intent to rely on a defense of insanity at trial. The Defendant relates that the Government does not object to his request for a mental evaluation.

At the April 19 hearing, Attorney Sharp stated that the Defendant is fixated on self-harm to the extent that he has not been able to discuss the merits of the charges with him. Moreover, Mr. Sharp contends that the Defendant has a demonstrated ability to harm himself, as reflected in the Defendant's mental health records, which document numerous surgeries the Defendant has had to remove objects he inserted into his abdomen through his navel. Mr. Sharp stated that the Defendant has been diagnosed with mild mental retardation. He said the Defendant claims that he was having hallucinations and psychotic episodes at the time of the alleged offenses and that he cannot remember periods of time during the time period encompassed in the charges.

AUSA Slabbekorn confirmed that the Government did not object to the requested competency evaluation and joined in the request for an evaluation of the Defendant's sanity at the time of the offense. He noted that the Government had reviewed the records of the Defendant's prior mental health treatment. He stated that in March of 2016, a psychologist had determined that the Defendant was competent and sane with regard to state charges. AUSA Slabbekorn related that although he believes that the Defendant will be found to be competent and sane, he does not object to the requested mental health evaluations in order to assure the Court of the Defendant's ability to proceed to trial.

Based upon the information presented at the hearing, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court concludes that reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(a). Accordingly, the Court **GRANTS** the Defendant's motion [**Doc. 17**] to undergo a competency evaluation.

The Court also finds that the Defendant seeks to pursue a mental defense at trial. To this end, defense counsel has filed a notice of same pursuant to Federal Rule of Criminal Procedure 12.2. Defense counsel asks that the Defendant's sanity at the time of the offense be examined at the same time that the Defendant receives the competency evaluation. At the motion hearing, the Government joined in this motion. See 18 U.S.C. § 4242(a) (providing for a sanity evaluation upon the motion of the government). Thus, the parties' joint motion for a sanity evaluation is also **GRANTED**. It is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4242(a), 4247(b), and 4247(c), of the United States Code, as follows:

> (1) The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshals Service to such facility.
>
> (2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining
>
> > (a) whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and
> >
> > (b) to determine the Defendant's sanity at the time of the offenses.
>
> (3) Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.
>
> (4) The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.
>
> (5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion

of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

(a) the Defendant's history and present symptoms;

(b) a description of the psychiatric, psychological and medical tests that were employed and their results;

(c) the examiner's findings;

(d) the examiner's opinions as to diagnosis and prognosis,

(e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and

(f) the examiner's opinion as to the Defendant's sanity at the time of the alleged offenses.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **FORTY-FIVE (45) DAYS**, unless otherwise ordered by the Court.

(7) The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the forty-five (45) day period, or any reasonable extension of that time period, whichever is sooner.

(8) A competency hearing and/or status conference is set for **July 31, 2017, at 1:30 p.m.** If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **July 31, 2017** competency hearing.

(10) Because of the length of time necessary to evaluate the Defendant, the Defendant's May 3, 2017 trial date is cancelled, to be reset upon his return to the district, if he is found competent. All time during which the Defendant is undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act.

(11) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge